Mr. Justice Clayton
delivered the opinion of the court.
This cause comes by writ of error from the circuit court of Panola. It was an action of replevin, and the charge of the court complained of involves the construction tobe placed upon the words of the deed. The words which give rise to the controversy are ; “to have and to hold the said negroes to my said daughter and the heirs of her body, provided, nevertheless, that should my said daughter depart this life without heirs of her body, then the said slaves, with their increase, shall be the property of my children and grand-children who shall be alive at my said daughter’s decease.” The court below was of opinion, that these words vested the absolute title in the first taker, and that upon her death, without issue, the title vested in her husband, Calhoun.
We need not consider the first point made by the counsel of the plaintiff in error, that this disposition to the children and grandchildren was good by the common law, We prefer to put the *471 case exclusively upon our statute. Its provisions are, that “ every contingent limitation in any deed or will, made to depend upon the dying of any person without heirs, or heirs of the body, or without issue, or issue of the body, or without children, or offspring, or descendant or other relative, shall be held and interpreted a limitation, to take effect when such person shall die, not having.such heir or issue, or child, or offspring, or descendant, or other relative, (as the case may be,) living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise expressly and' plainly declared on the face of the deed or will creating it.” H. & H. sec. 26, p. 343.
In the case of Carroll v. Renich, recently decided, we expressed a strong belief that the effect of this statute was to put an end to the numerous diátinctions and almost endless, refinements of the English law on this subject, and to furnish a rule of construction at once simple, obvious and intelligible. The point was not necessarily involved in that case, as the deed was made, and the rights accrued under it, in another state. But we need scarcely do more than say, that we deliberately adhere to that opinion.
In Virginia we find the original of this statute, word for word. A late learned commentator on the laws of that state, shows that this provision extends equally to deeds and to wills, to personal and to real estate, except where the use of the personalty involves its consumption as a consequence. He concludes by saying, “ under this rule of construction it will be difficult to conceive a case of limitation after the failure of issue, which can be construed now to be an estate tail. 3 Lomax’s Digest, 212, 296.
In New York there is a similar statute, of which Chancellor Kent thus speaks. “ These provisions sweep away at once the whole mass of English and American adjudications on the meaning, force and effect of such limitations. The statute speaks so peremptorily as to the construction which it prescribes, that the courts may not, perhaps, hereafter feel themselves at liberty to disregard its direction. It is impossible not *472 to feel relief at the final settlement, in any way, of this litigious question by legislative enactment.” 4 Com. 280.
They have an identical statute, in North Carolina, which has received a judicial construction in accordance with that which we place upon ours. Tillman v. Sinclair, 1 Iredell Law Rep. 185.
We conclude, therefore, that the limitation over in this case comes within the bounds prescribed by the statute, and was valid.
But the counsel for the defendant in error insist that the action of replevin, under the statute of 1842, relates solely to the right of possession, and that the charge of the court was therefore unnecessary and could not influence the verdict. To this we reply, that granting his construction of that statute to be corrects-as to which we give no opinion — this charge was given at his request, and its direct tendency was to mislead the jury; for if the absolute title to the property were in the defendant in error, the right of possession was likewise in him, unless there were some special right in the plaintiff in error; about which there was no proof.
For the error in this charge the judgment is reversed and the cause remanded for a new trial.
Judgment reversed.